**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **MICHAEL JAMES BLUM,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:19-CV-264-Y |
| § | |
| **ERIC D. WILSON, Warden,** § | |
| **FMC-Fort Worth,** § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by petitioner Michael James Blum, then housed in FMC-Fort Worth in this district.[1] Respondent Wilson filed a response with an appendix. (Resp. (Doc. 10); App. (Doc. 11).) After considering the pleadings and relief sought by Petitioner Blum and the applicable law, the Court concludes that the § 2241 petition must be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND/CLAIM FOR RELIEF**

In August 2007, a federal grand jury in the Eastern District of Arkansas returned a six-count indictment against Blum charging receipt of child pornography, possession of child pornography, and

---

[1]Blum has now listed his address as FCI-Seagoville in Seagoville, Texas. (Notice of Change of Address (doc. 8).)See also www.bop.gov. record locator for Michael James Blum, #24816-009,last visited February 20, 2020.

production of child pornography. (App.(doc. 11) at 5.)[2] He entered pleas of not guilty and proceeded to trial. The opinion of the Eighth Circuit Court of Appeals summarized the trial and sentencing outcome:

> At the close of the Government's case-in-chief, Blum moved pursuant to Fed. R. Crim P. 29(a) for a judgment of acquittal on all counts, which the district court granted only as to one count. The jury convicted him on three of the remaining counts and acquitted him on two. The district court then sentenced Blum to 188 months' imprisonment on Court Two (production of child pornography involving [minor child] Rachael's May 3 photographs, in violation of 18 U.S.C. § 2251(a)) and Count Three (receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2)), to run concurrently with 120 months' imprisonment on Count Four (possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4(B)).

(*Id.*) Blum's direct appeal challenged only his conviction on Count Two, the production of child pornography count, in which he contended that the government failed to produce sufficient evidence. (*Id.*) The Eighth Circuit affirmed his conviction. (Id. at 4-8.)

In 2011, Blum filed a motion to vacate his conviction or sentence under 28 U.S.C. § 2255.(*Id.* at 11.) That initial § 2255 motion was denied.(*Id.* at 11-20.) Then in 2012, Blum filed a second § 2255 motion, and this time, after noting Blum had not sought authorization to file a successive 2255 motion, the Court dismissed the successive § 2255 motion.(*Id.* 21-22.)

---

[2]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

Blum filed a notice of appeal from that decision but the Eighth Circuit denied a certificate of appealability and dismissed the appeal.(*Id*. at 24.) In May 2017, Blum filed a third § 2255 motion that was denied as successive and dismissed for lack of jurisdiction. (*Id*. at 28.) Undeterred, in October 2017, Blum filed his fourth § 2255 motion that was again denied as successive and dismissed for lack of jurisdiction.(*Id.* at 29.) In June 2018, Blum then filed a motion labeled as seeking relief under Rule 60(b)(2), but that motion was alternatively denied as a motion for new trial and dismissed as a successive § 2255 motion. (*Id.* at 33, 34-49.) Blum filed an appeal from the resolution of the Rule 60(b) motion, but the Eighth Circuit summarily affirmed the district court's ruling. (*Id*. at 51-52.)

In this § 2241 petition, Blum contends that he is actually innocent based upon newly discovered evidence he alleges relates to his conviction on Count Two-production of child pornography. (Pet. (doc. 1) at 4-5.) He seeks to have Count Two dismissed. (*Id*. at 9-10.)

**II. ANALYSIS**

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v.*

*Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(per curiam)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003)(citing *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West 2019). Under this "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)(per curiam).

Blum wholly fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his underlying sentence. Blum cannot rely on § 2241 merely because he is now limited in his ability to seek relief under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000)(citing *Tolliver*, 211 F.3d

at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective)).Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830). When a petitioner cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 petition for lack of jurisdiction.*See Christopher*, 342 F.3d at 379,385(finding that a district court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

Blum has failed to establish any of the three elements that the Fifth Circuit requires to allow a claim to proceed under the savings clause. *See Santillana v. Upton,* 846 F.3d 779, 782 (5th Cir. 2017). First, Blum's claim is not based on a retroactively applicable Supreme Court decision. In fact, Blum is not even relying on a Supreme Court decision in his § 2241 petition. Blum does not cite any Supreme Court decision

that reinterprets the elements of his offense. Accordingly, he cannot proceed under § 2241.

Second, Blum does not assert that his claims were foreclosed by circuit law at the time they should have been raised in his trial, appeal, or first § 2255 motion. Blum has not met his burden to show that a § 2255 remedy is inadequate or ineffective. In fact, Blum raised his claims in his § 2255 motion that was denied. Consequently, his petition should be dismissed.

Third, Blum cannot show that he may have been convicted of a nonexistent offense. Blum recites no case authority to establish that he was convicted of a nonexistent offense. Instead he argues that he did not actually commit the crime he was convicted of—the exact argument he presented in his original § 2255 motion. That argument was addressed and denied. Blum appealed and he sought a certificate of appealability twice, and he was denied relief both times. The simple fact that his § 2255 motions were unsuccessful does not establish that the § 2255 remedy was "inadequate or ineffective" within the meaning of the savings clause. *Pack*, 218 F.3d at 453. "[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."*Id.* Thus, savings-clause relief is unavailable to Blum, and the petition seeking

such relief must be dismissed for want of jurisdiction.

## III. CONCLUSION AND ORDER

For the foregoing reasons, petitioner Michael James Blum's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED February 28, 2020.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE